IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TINA M. RICHERSON                                                                                    PLAINTIFF

vs.                                         Civil No. 3:15-cv-03101-BAB

CAROLYN W. COLVIN                                                                               DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Tina M. Richerson ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act ("The Act").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 5).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability applications for DIB and SSI on July 23, 2012. (ECF No. 11, p. 15).  In her application, Plaintiff alleges being disabled due to mood swings and lower back pain. (ECF No. 11, p. 208).  Plaintiff alleges an onset date of May 9, 2012. (ECF No. 11, p. 204).  These applications were denied initially and again upon reconsideration. (ECF No. 11, pp. 116, 119, 128, 130).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "ECF No. ___, p. ___."

1

Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (ECF No. 11, pp. 133, 142). Plaintiff's administrative hearing was held on January 14, 2014, in Harrison, Arkansas. (ECF No. 11, pp. 31-67). Plaintiff was present and was represented by Frederick Spencer. *Id.* Plaintiff, Plaintiff's daughter Breanna Rodriguez, and Vocational Expert ("VE") Jim Spragens testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d); 20 C.F.R. § 416.963(d). (ECF No. 11, p. 35). As for her level of education, Plaintiff completed ninth grade and subsequently received a GED in 1993. *Id.*

After this hearing, on September 2, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 11, pp. 12-26). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2017. (ECF No. 11, p. 17, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 9, 2012, her alleged onset date. (ECF No. 11, p. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, chronic obstructive pulmonary disease ("COPD"), depressive disorder not otherwise specified, and personality disorder. (ECF No. 11, p. 17, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 11, pp. 18-19, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 11, pp. 19-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform:

> light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant is able to perform work that does not involve concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poorly ventilated areas. Additionally, she is able to perform work that involves simple, routine, and repetitive tasks, with only simple work-related decisions with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors, and the general public.

*Id*.

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"). (ECF No. 11, p. 24, Finding 6). The VE testified at the administrative hearing regarding this issue. (ECF No. 11, pp. 63-67). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a price marker, which has a DOT code of 209.587-034, with approximately three hundred nineteen thousand (319,000) jobs in the national economy, and approximately three thousand (3,000) jobs in the state of Arkansas, and as a poultry production worker, which has a DOT code of 525.687-066, with approximately thirty-eight thousand (38,000) jobs in the national economy, and approximately two thousand (2,000) jobs in the state of Arkansas (ECF No. 11, p. 25, Finding 10). Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from May 9, 2012, through May 12, 2014, the date of the ALJ's decision. (ECF No. 11, p. 26), Finding 11).

Thereafter, on May 21, 2014, Plaintiff requested a review by the Appeals Council. (ECF No. 11, pp. 10). The Appeals Council denied this request on August 18, 2015. (ECF No. 11, pp. 5-8). On October 9, 2015, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on October 12, 2015. (ECF No. 5). This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *see* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *see Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *see Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *see Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. *see Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**3.**     **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ improperly discounted the opinion of Dr. Shannon Brownfield, and ; (2) the ALJ failed to fully and fairly develop the record. (ECF No. 9). I will address both of the Plaintiff's arguments together because Plaintiff's brief has argued them as a single inseparable issue.

Plaintiff argues, in summary, that by improperly discounting the opinion of Dr. Brownfield, the only remaining medical opinions in the record were those of the non-examining State agency physicians, upon which the ALJ may not exclusively rely. (ECF No. 10). According to the Plaintiff, the ALJ's RFC determination was therefore not based on substantial evidence and the ALJ failed to fairly and fully develop the record. (ECF No. 10). Plaintiff's argument, however, lacks support.

The combination of medical evidence, State agency physician opinions, and the Plaintiff's own testimony were sufficient to assess Plaintiff's RFC.  The Eighth Circuit has held that an ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision.  *see Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).  The ALJ's failure to order such an evaluation only constitutes reversible error when such an evaluation was necessary for him to make an informed decision.  *see Gasaway v. Apfel*, 187 F.3d 840, 842 (8th Cir. 1999); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  An ALJ does not necessarily need the opinion of a consultative examiner to assess a claimant's RFC.  *see Page v. Astrue*, 484 F3d. 1040, 1043 (8th Cir. 2007) (the medical evidence, State agency physician opinions, and claimant's own testimony were sufficient to assess RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, State agency physicians' assessments, and claimant's reported activities of daily living supported the RFC).

The ALJ did not commit error by assigning Dr. Brownfield's opinion less than controlling, or even little, weight.  Concerning the opinion of Dr. Brownfield, the ALJ wrote the following:

> On October 9, 2012, the claimant attended a consultative examination performed by Shannon Brownfield, MD.  Although it is handwritten and difficult to read, this report appears to show limited hip and lumbar flexion, but normal physical functioning otherwise.  A diagnostic imaging test showed degenerative disc disease at L2 and L5-S1, with moderate osteoarthritis and spurring.  Dr. Brownfield opined that the claimant has moderate/severe limitations in lifting, stooping, prolonged position, and exertion.  (Exhibit 5F).  Given the incredibly vague nature of her opinion, combined with the fact that it is not supported by her own examination or the remainder of the medical evidence of record, Dr. Brownfield's assessment is given little weight.

(ECF No. 11, pp. 21-22).  A consulting physician's opinion is not entitled to special deference,

especially when it is based largely on Plaintiff's subjective complaints. *see Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007); *see also Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined Plaintiff once or not at all does not generally constitute substantial evidence). Dr. Brownfield's examination was largely unremarkable except for some limitation to range of motion and subjective pain in Plaintiff's hips and lumbar spine, the degree of which the ALJ determined was inconsistent with Dr. Brownfield's opinion that Plaintiff suffered moderate to severe limitation in some specified areas. The ALJ also determined the limitations assessed by Dr. Brownfield were inconsistent with the remainder of the medical evidence of record. Elsewhere in his opinion, the ALJ remarked, "Physical examinations typically reveal only mild abnormal findings, like tenderness, decreased range of motion, muscle spasm, altered gait secondary to pain, etc." (ECF No. 11, p. 20). The ALJ also discussed Baxter Regional Medical Center records from August 19, 2012, approximately two months prior to Plaintiff's consultative examination with Dr. Brownfield, which indicated Plaintiff's range of motion, strength, motor function, and coordination were all normal. (ECF No. 11, pp. 18, 320). The ALJ stated, "in terms of her physical impairments (Listing 1.04), diagnostic imaging tests revealed some moderate degenerative changes in the claimant's lumbar spine, but without any neurological compromise." (ECF No. 11, p. 18). The ALJ's cited inconsistency between Dr. Brownfield's opinion and other medical evidence in the record is alone sufficient to discount Dr. Brownfield's opinion. *see Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005) ("While the ALJ also found Dr. Prihoda's opinion to be internally inconsistent, we need not comment on that, as an appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion").

The ALJ has a duty to fully and fairly develop the record. *see Stormo v. Barnhart*, 377 F.3d

801, 806 (8th Cir. 2004). In determining whether the ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *see haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001). Contrary to Plaintiff's allegation, the ALJ properly developed the record in this case. Of particular note is that the ALJ did not entirely disregard Dr. Brownfield's opinion, and instead gave the opinion some, if only little, weight. (ECF No. 11, p. 22). The ALJ found that problems with Plaintiff's spine caused significant limitation in her ability to perform basic work activities and determined Plaintiff's degenerative disc disease was a severe impairment. (ECF No. 11, p. 17). The ALJ discussed the medical evidence from numerous treating physicians, the opinions of the consultative examiners, the opinions of the non-examining State agency consultants, and set forth the reasons for the weight given to the opinions. Plaintiff, moreover, has not pointed to any evidence other than Dr. Brownfield's opinion, to argue that the ALJ would have reached a different conclusion had another medical professional examined the Plaintiff, nor has Plaintiff demonstrated that a failure to consult with another medical professional resulted in any prejudice above and beyond receipt of an unfavorable decision in her case. The combination of medical evidence, State agency physician opinions, and the Plaintiff's own testimony were sufficient to assess Plaintiff's RFC.

     Accordingly, I find the ALJ properly applied the laws and regulations with regard to his consideration of the medical opinions in the record and provided good reasons for the proportionate weight given to each. Further, I find the ALJ properly discharged his duty to fully and fairly develop the record.

4. **Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of December 2016.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE